Good morning. May it please the Court. Kara Hartzler, Federal Defenders, on behalf of Mr. Medina-Suarez. This is a trial for felony illegal entry under 8 U.S.C. 1325, and I'd like to go straight to the issue of whether the judge should have given an instruction for the lesser included offense of Misdemeanor 1325, because if the Court agrees with us on that point, it doesn't need to go any further. So, everyone agrees. I have a question about that. You assume, and I'm just wondering if there's case law supporting that it's an automatic reversal. Your Honor, we would point to the court's case in Hernandez that basically said when you have a situation where a lesser included instruction should have been given, then essentially the judge, the jury probably did that because they needed to, for instance, they might have felt like they had to convict, because they felt like this person is guilty of the lesser included, and so we can't just let them go, we have to convict. And so in Hernandez, this court basically found that it could not be satisfied or conclude that this error was not harmless. And we think that that same issue, or the same rationale applies here, so that if the court finds that this is a lesser included instruction, that would be automatic reversal. So you're saying it's structural error to fail to give a lesser included instruction? Your Honor, I think the court has often treated it as structural error. I'm not saying that that is absolutely what the case law holds. In fact, to be honest, I think the case law is a little bit unclear. But if I could just read this court, the quote from Hernandez, it basically said, the jury had a choice between convicting Hernandez of the greater offense or acquitting him. It is not possible to say with confidence that the jury chose the former option because the government met its burden. The jury may have decided that given the overwhelming evidence against Hernandez, it did not want to acquit him of that charge, and so chose the only other option available to it, conviction of the greater offense. So because that exact rationale applies here, whether it's structural error or not, I think we can read this court to do it. It depends. We can get to the merits. The government doesn't actually argue this, does it? Does the government argue harmless error as such? No, not really, Your Honor, no. All right, well let's go to the merits of it. So on to the merits, Your Honor. Everyone agrees that misdemeanor 1325 is a lesser included offense of felony 1325. And everyone agrees that the only question here then is, could the jury have found Mr. Medina Suarez illegally entered the United States, but not found that he had this prior conviction for 1325? And we know this is true for two reasons. First of all, this is a unique case because the judge specifically instructed the jury twice at ER 219 and 307 that the jury could not rely on the evidence of the prior conviction to find the elements of the lesser included offense. So unlike most of the cases the government cites, we actually know, because we presume that juries follow instructions, that the jury didn't rely on evidence of the greater offense to find evidence of the lesser offense. And then the second reason that we know that lesser included offense was necessary is because there was at least some evidence in the record at ER 231 to 33 that the jury could have relied on to say, I don't think the government has proven beyond a reasonable doubt that Mr. Medina Suarez has a prior conviction. Specifically, defense counsel basically did a two-page cross-examination of the AFAL custodian and he poked holes in the government's link between the prior conviction and Mr. Medina Suarez. He pointed out that the conviction documents didn't have an AFAL number, they didn't have a fingerprint, that the AFAL custodian wasn't in court when the person was convicted, that the AFAL custodian hadn't done name checks to see how many people had the same name as Mr. Medina Suarez. And because that's all that's required, if there's some evidence in the record that the jury could have relied on to find that he was guilty of the lesser but not find that he was guilty of the greater, then that's all we need to prove. So counsel, just so I understand your argument, Hernandez says that to warrant a lesser included offense instruction, the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater offense. So your argument is that the jury rationally could have acquitted the defendant in this case of the greater offense because there was not enough evidence of the prior entry? I would characterize my argument slightly differently, Your Honor, because I think Hernandez is clear that as long as there's some evidence in the record that would have allowed the jury to acquit of the greater offense, this court doesn't weigh the evidence. What language in Hernandez says that? Certainly. I'm at Hernandez at page 800, and it says, A district court may not weigh the evidence in determining whether to give a lesser included offense instruction. The standard announced by the Supreme Court is that regardless of the weight of the evidence, a defendant is entitled to a lesser included offense instruction if the evidence would allow a rational jury to convict him of the lesser offense and acquit him of the greater. Exactly. That's the problem I have with your argument. You have to establish that the rational jury would acquit him of the greater, which is the conviction that we are looking at. So what's your best evidence that the jury would have rationally acquitted him of the felony charge? Well, Your Honor, I'd like to clarify that rational jury doesn't necessarily mean, you know, what would the jury probably have done, or what could any, you know, a jury could have done. Is the government's evidence stronger than ours or not? That's a probable standard, and Hernandez is very clear that we don't look at what the jury, you know, most likely would have done. We would look at is there any evidence in the record that the jury could have relied on to acquit. Is it any evidence or is it sufficient evidence of the kind that one looks at in a Jackson v. Virginia sort of analysis? You know, I think that there, I take Your Honor's point, but I think in this case, this is also a very unique case because unlike a lot of the cases the government relies on, the element of the felony, the prior conviction, relies on a different factual event. It's completely unrelated. I mean, that's an interesting, it's not embedded in any way. Exactly. So I would think, therefore, that one, the question should be something like a sufficient evidence, i.e., that the equivalent of what a rational jury do is what a jury, or maybe it's the opposite of, well, I guess it's a beyond a reasonable doubt question, right, because they have to find it beyond a reasonable doubt. So the real question is whether a jury could have a reasonable doubt. Could a jury have a reasonable doubt? I mean, I think what the government's argument is essentially asking you to do is weigh the evidence, and I think that the. . . No, counsel, that's not true. I think what Hernandez is saying, that you have to establish to establish error, is that the evidence would not allow a rational jury to acquit him, to convict him of the lesser offense and acquit him of the greater. Right? So to me, the crucial part is what is your evidence that would allow a rational jury to acquit him of the felony? I don't think I've received the answer to that question. What about the record, what about the evidence presented in this case would allow a rational juror to acquit him of the felony offense? I think my answer to your question, Your Honor, is the two pages of the cross-examination, where basically we pointed out that there was no link of the A-file number of fingerprints. . . And I think this is your biggest problem, which you haven't actually acknowledged, is that, as I recall, he was convicted. This was, I guess, one of these fast-track convictions, because he was convicted on September 27th in Arizona, and there is documentation that he was, which does have A-file numbers, that he was stopped at the border on the 25th, I guess, and issued a removal order on the 26th, something like that, in Arizona. Am I accurate or close to accurate? I would say, Your Honor, that a person with that name was.  That's correct, Your Honor, they did have A-numbers. But a person was, with that name, was convicted. And as there is evidence in the record, that we don't know how many people have that same name, and maybe how many people have that same conviction. But the question, which I guess goes to Judge Rawlinson's question, is whether, given those other two documents, with the name and in Arizona, and two days in the exact time frame, and within a three-day period, would a rational jury be able to acquit? I understand, we just had the judgment standing alone, I think you'd have quite a good argument, with the other two documents, I wonder. I think we also, it was brought out on cross-examination, that we don't know where those documents came from, who put them in, when they were procured. Which ones, I'm sorry, the ones that had the A-numbers? I'm sorry, the removal documents? Or the documents showing that there was a person with the same name, who was removed two days apart? We don't know where those came from. What do you mean we don't know where those came from? Well, I apologize, Your Honor. We don't know, for instance, where the judgment, the misdemeanor judgment, and the misdemeanor conviction. Well, we know where it came from. It came from the district court in Tucson. We don't know. We know that a person with the same name, who I gather we do know is him, because it does have the same A-number. In other words, you're not doubting that, or at least there was no evidence at the trial to suggest that the person who was removed in Arizona two days before was found and was issued a removal order was not the same person, right? That is the same person. I mean, I think this is the government's burden. Has the government proven this beyond a reasonable doubt? What about that? Do you think that there's any reasonable doubt, given that those documents did have the A-file number, and I gather we do agree that the A-file is Medina Suarez's A-file, that those documents were him? Is that in doubt? I think, Your Honor, the basic crux of our argument is that there is evidence in the record, and when this court decides whether a lesser-included instruction was required or not... But the evidence in the record doesn't deal with these other documents. That is correct, Your Honor, but I think, again, I would just point out that, for instance, in the other case of Cerda Ramirez, there was similarly an argument that the person who was convicted was not the same person who was before the jury, and the jury acquitted on the felon. So I just think that that's a good example of situations where even if you and I might find that there was reasonable doubt or there wasn't reasonable doubt, we can't make that decision for the jury. We can't step into the jury's shoes, as long as there's evidence in the record that it could have relied on to acquit the greater. And I see I'm way over my time, so I will... All right, if you don't mind, I will give you a minute in rebuttal. Thank you. Can I ask one question? Yes. Was that the theme of the defense, that the defendant here was not the defendant with the prior illegal reentry? That was not our theory of defense, Your Honor. However, I would point out that Hernandez does say that we don't have to affirmatively present evidence, and we also have jury instructions in this court saying that lawyers' arguments aren't evidence. So I don't think whether we argued it or not is necessarily relevant. Thank you. Okay, Mr. Howe. Yes, good morning, Your Honor. May it please the Court, Zach Howe on behalf of the United States. The district court did not abuse its discretion here in declining to give the lesser-included defense instruction because no rational juror could have convicted on misdemeanor illegal entry while acquitting on felony illegal entry. We've talked about the evidence, some on how that prior illegal entry conviction was linked to Medina. It was his name on the judgment. It was also the fact that there was a copy of that judgment in Medina's A file, which did link to him by his A number. And most importantly, there were those removal documents. We don't know how it got there, and there is no A number on it. And the person who testified said he doesn't know how it got there. He didn't put it there. The person who testified said that he has no experience or that he does not personally prepare any document in the A file. He did testify generally that documents are placed there by Department of Homeland Security officials and that those documents get there because they are linked to the individual by A number. But I think even if you set that judgment aside, the copy in the A file, you still have the removal documents, which were linked to Medina by his name, by his photograph. Oh, wait a minute. If you set the judgment aside, you have no case, right? No, sorry. If you set the copy of the judgment in the A file aside and look for just independent evidence other than that copy linking Medina to the official copy of the judgment, which was admitted at trial, then you are still left with his name on the judgment and you are left with the removal documents showing that he entered the United States in Arizona on the same day that the judgment says the offense occurred and that then this judgment was entered in Arizona two days later. So if you look at ER 406, the warrant of removal says that Medina entered the United States in Arizona on September 25th, 2018. Then you look at the judgment, page 401. It says that this offense occurred on September 25th, 2018. And then the judgment was entered two days later on September 27th, 2018. So it would be an extraordinary coincidence if someone with the same exact name, Lucio Medina Suarez, entered the United States at the same exact time and the same exact place and was convicted in the same exact court and then that document was wrongly placed in this Medina's A file. No rational juror would reach that conclusion. And none of the arguments that my friend on the other side raises address the full scope of the evidence. They don't really talk about the removal documents showing that this entry occurred in Arizona right before this judgment was entered in Arizona. So those documents, taken together with the fact that the judgment has Medina's name on it and that there's another copy of the judgment in his A file, make it so that no rational juror would convict on only the lesser offense. This is what's strange about it. The prior conviction issue is a completely separate issue. Unlike most of the lesser-included offense questions, it's not embedded in any way. Why isn't he entitled? He presumably is entitled to a jury to decide whether he is in fact had a prior conviction, right? Because even if it's completely frivolous, right, he's entitled to go to a jury on it. All right. So he's going to a jury on two completely separate questions. One is, did he have a prior conviction? The other is, did he cross the border a second time? And why, since he is entitled to defend himself as to whether he had a prior conviction, and he is defending himself as to whether he had a prior conviction, why isn't he then entitled to an instruction as to what happens if the jury decides he doesn't have a prior conviction? Otherwise, you're deciding the case for the jury, even though he has a right to get to the jury on that issue. Separate issue. And in that way, it is different from most of the lesser-included offense cases because they're not linked together. You don't have to look at the evidence, this set of evidence, when you're deciding the higher offense question. So you're taking away from the jury the question, essentially, of whether he had a prior conviction. That's what you're really saying. No rational jury could decide he didn't have a prior conviction. So why are we going to a trial on that at all? So, Your Honor, I'm happy to address that conceptually, and then I'd like to give some examples from this Court's cases to show that this distinction being drawn here, I think, is entirely illusory. This Court has said repeatedly that the defendant must establish a factual basis to be entitled to a lesser-included offense instruction. It has never framed the analysis as a simple statutory analysis where you compare one statute to the other and ask if this is some sort of status element or something unrelated to the factual event. If that were the analysis, the way this Court has framed the standard in all of its cases would be wrong. It would not depend on what a rational juror could or could not find. It would be a simple exercise in looking at the statute. Wouldn't the questions asked on cross-examination raise that question? Wouldn't it raise the factual issue? No fingerprints, no direct link between them except the name? So, Your Honor, whether or not the defendant puts on evidence or whether or not they cross-examine the witnesses really just goes to the ultimate question of, could a rational juror find guilt on only the misdemeanor or not? Well, that brings us back to Judge Berzon's question that you're taking away from the jury. Well, and I'm happy to address that. So, part one is that the defendant must establish a factual basis. This Court's cases are clear on that. Was that done in this case? Was there a factual basis established by the questions answered in the negative regarding the prior conviction? Well, Your Honor, the factual basis that must be established is one that would allow a rational juror to convict on only the misdemeanor and not the felony. And so, as discussed, yes, there was some cross-examination. None of it addressed any of this compelling evidence linking Medina to this judgment. So that was not a sufficient factual basis. And there are cases where this Court and the Supreme Court have affirmed the denial of lesser-included offense instructions even though the defendant did put on evidence or ask questions that went to the felony element. So, for example, if you look at the Powell case, in that case the defendant argued that he possessed cocaine because he wanted to destroy it and not because he intended to distribute it. But yet this Court said the evidence of intent to distribute was so overwhelming that no rational juror could find that only simple possession occurred. So it was proper to deny the instruction. Because it was exactly the same evidence, right? The amount of cocaine was so large. So the amount of cocaine that he would have had to possess was the evidence of the higher offense. But here, the two pieces have nothing to do with each other. And so what's bothering me is that you're essentially questioning why we're sending this to the jury at all. Why are we sending it to the jury at all if there's no rational jury who could do this? So, Your Honor, that's the second point I wanted to address. And I will note just as a principled matter, the Supreme Court has said it's improper to give a lesser-included offense instruction when a jury could not find guilt only on that lesser-included offense because it would encourage improper compromise verdicts when the evidence clearly shows guilt on the greater offense. But in the sense that they could, in the sense that it would not in any way impugn the higher offense has an element that's completely separate such that the jury has to decide yes or no as to that element in order to decide the case at all. And so that, and it doesn't, there's no link, direct link between the evidence needed to decide the lesser offense and the evidence needed to decide the higher offense. You can rationally decide the lesser offense and acquit on the higher offense if you find that he didn't do that one thing and there's no link between them. And why isn't that the rational test? It's rational whether the evidence would sustain it is the question that goes to the jury. So I see I'm over time. I'll do my best to respond. No, it's very interesting and it's worth talking about. Go ahead. Okay, so two points. The first is that to reach that conclusion, the court would have to rewrite the entire test for lesser-included offense instructions. You would have to say that we're going to create a new carve-out for offenses that have status elements or something not relating to the factual event and we're not going to look at this rational juror test. It's a simple exercise in looking at the statute. No, I'm going to say that the rational juror test is could a jury, it comes out differently when you have these two different elements, but it's still a rational juror test, i.e., could the jury, since there are two elements, each of which the separate elements which don't have any factual overlap, could a rational jury decide A and not B? And the answer is yes, if you're sending this to the jury at all, it must be because you think there's something for the jury to decide. Well, then maybe if I could just try to briefly show why this distinction is actually illusory. So sticking with those examples we were talking about, the Powell case and the Espinoza case, they affirm the denial of simple possession instructions in possession with intent to distribute cases. Well, what is the evidence of possession? It's simply that the defendant possessed the drugs. But what was the evidence of intent to distribute in those cases? It was entirely separate. It usually isn't. It usually is just the amount of the drugs that they possessed. It was not, Your Honor. It was the possession of large amounts of currency, the possession of drug scales, the possession of currency counters. None of that relates to possession, but it has everything to do with intent to distribute. There was also the fact that the drugs were present in an unfurnished apartment, indicating a separate place for sale as opposed to a furnished apartment, which might indicate recreational use. Again, that has nothing to do with possession and everything to do with intent to distribute, which is why this distinction simply doesn't work. And this court has only relied on that rationale about relying on the same evidence. In a few cases from the early 90s, it's the Vandering case and the Espinoza case. But in Rivera-Alonzo, Torres-Flores, Powell, Espinoza, Hopper from the Supreme Court, the court never relies on this notion that you'd have to look at the same evidence for both crimes. It relies on the fact that the evidence on the... You at least partially have to look at the same evidence, i.e. that they have a lot of cocaine. But can I ask a different question, just because I'm curious, and then you're out of time, but this is just my curiosity. Why is this case... Of course. Why is this issue going to the jury, given Almendarez-Torres being preserved after a pregnancy? How come in these cases we're sending the prior conviction issue to the jury? Do you know? Oh, gosh, I don't know that, Your Honor. I just assume that every element of the crime has to go to the jury.  I mean, generally, prior convictions don't go to juries, so I don't know what this is about, but obviously it's happening in the setting. I'm going to trace it back just because I'm interested. I thought maybe you'd know. Okay. I don't. I would almost liken it to a felon in possession case or something like that. I know then the prior conviction goes to the jury, but in terms of getting into the conceptual basis for it, I probably can't get too deep on that. All right. Thank you very much. Thank you. Ms. Horstler, go ahead. Your Honor, I can actually answer that question if that would be helpful. I'm just curious. Go ahead. There's specifically a case called Rodriguez-Gonzalez. I was just looking at it yesterday, and I apologize. I don't have the site on the tip of my tongue, but it basically said that Almendarez-Torres doesn't apply to felony and misdemeanor legal entry because it's the difference between a felony and a misdemeanor, and it said that that changes the nature of the offense. So there is specific case law in this court saying Almendarez-Torres doesn't apply to 1325 for that reason. Okay. I'm sorry. So I want to make the general point. I apologize. Are you frozen? No, I'm sorry. So I just want to make the general point that I think addresses the concerns of some of the court's members. Essentially, this court is expressing concern that if you start looking at all these things about, well, could a rational jury have done this, then we're going to be in the world of how strong does the evidence have to be. Maybe the evidence is strong enough in this case, but if the court rules for the government in this case, in the next case when they don't have that document in the record, when it's only certain types of evidence, not other types of evidence, is the court going to be opening the door for judges to be pre-deciding whether issues go to the jury? And I think that's absolutely not what the Supreme Court's case law allows to happen. And then the last point I'll just say is that the government has said that to have a lesser-included instruction, the defense must create a factual basis. And actually what I'd like to read from Hernandez is a quote about how we don't have to produce affirmative evidence. That Hernandez did not affirmatively present evidence on his intention to use the drugs for personal use is not controlling. What matters is what a jury could have concluded from the evidence presented. And what's important here is that there has to be some evidence in the record, regardless of who put the evidence in there. So it's not that there can be a dearth of evidence. It's just it has to be in the record from someone, not necessarily from the defendant. So that's consistent with the law as it's always been, that a request for a jury instruction must be linked to evidence in the record. That's right. And here, Your Honor, we believe that the evidence in the record from the defense counsel's cross-examination is that evidence that allows The instruction is not evidence. Well, I think evidence elicited on cross-examination is. And, for instance, the evidence that was elicited on cross-examination is that there was no, for instance, no check of how many people had the same name. That the person who was the AFAL custodian was not in court. That is evidence that was in the record. And we believe that that's enough to be the factual basis that a lesser-included instruction would rely on. Custodian was not in the room is evidence that allows you to have a lesser-included offense instruction? The fact that the AFAL custodian who was testifying, who was introducing the evidence of the prior conviction, that that custodian was not actually present or was not a witness to who was convicted in that Arizona court of 1325. You're talking about the judgment that was in the AFAL, right? Correct. What about the certified judgment? The certified judgment, I mean, I think the same thing applies. That's the same information. So the cross-examination doesn't dilute the information from the certified judgment. Well, I think with either judgment, the evidence in the record is that there was no personal identification of the defendant by the person who was testifying for the government. And if the court has no further questions... Okay, thank you very much. Thank you, Bill. Thank you. United States vs. Medina Suarez is submitted.
judges: BERZON, RAWLINSON, Antoon